IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Gibson,              :
                Appellant       :
                                :
        v.                 : No. 1693 C.D. 2024
                                : Submitted: March 3, 2026
Bernadette Mason, Wagner, Robert   :
Derr, Mayernick, Swartz, Charles     :
Stetter, and Benjamin Liebersohn     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED: August 4, 2026

Derrick Gibson (Gibson), an inmate who represented himself in the proceedings below and continues to represent himself on appeal, appeals from the Court of Common Pleas of Schuylkill County's (trial court) October 16, 2024 order sustaining preliminary objections (POs) filed by the Pennsylvania Department of Corrections (Department), and several of its employees, namely, Superintendent Bernadette Mason, Corrections Officer (CO) Robert Derr, CO Swartz, CO Mayernick, Deputy Superintendent Charles Stetter, and Lieutenant Wagner (collectively, Department employees), and dismissing Gibson's amended complaint with prejudice. For the reasons set forth below, we remand to the trial court.

# BACKGROUND

Gibson is a prisoner currently in the Department's custody. On November 7, 2022, Gibson filed a complaint,[1] Compl., Original Record (O.R.), Item No. 1, which the trial court dismissed on February 2, 2023, by sustaining the Department's POs. Order, 2/2/23, O.R., Item No. 8. However, the trial court also granted leave for Gibson to file an amended complaint. *Id.*

In his amended complaint of February 17, 2023,[2] Gibson alleged that while housed at State Correctional Institution (SCI) Mahanoy between December 5, 2020, and December 10, 2020, the Department employees called him a "snitch" for filing an inmate grievance against a nurse, threatened to kill him, unlawfully restrained him, stripped him of his clothing, removed his personal property from his cell, injured him, denied him necessary emergency medical care, and acted contrary to training, policy and procedure. Am. Compl., O.R., Item No. 9. Gibson set forth "stated claims" for "assault and battery; Eighth Amendment; excessive force – sexual harassment; retaliation; failure to protect; [in]adequate medical care; conditions – fals[e] imprisonment; supervisory liability; negligence; intentional infliction of emotional distress; medical and legal malpractice; First Amendment; access to court, redress and grievances; Fourteenth Amendment; and equal

---

[1] Gibson's complaint named as defendants Superintendent Mason, CO Derr, CO Swartz, CO Mayernick and Lieutenant Wagner.

[2] The caption of Gibson's amended complaint named the following defendants: the Department; Superintendent Bernadette Mason; Deputy Superintendent Charles Stetter; CO Robert Derr; CO Mayernick; CO Swartz; and Nurse Liebersohn. Because the body of Gibson's amended complaint purported to raise claims against Lieutenant Wagner, whom Gibson named as a defendant in his original complaint, the trial court's October 16, 2024 order included him in the caption. The Department never entered an appearance on Nurse Liebersohn's behalf because he was a contracted nurse and not a Department employee. Department's Br. at 9 n.2. Additionally, in investigating Gibson's claims, counsel for the Department ascertained Nurse Liebersohn passed away in February of 2022. *Id.*

protection, due process, discrimination – slander;" and sought 12 million dollars in total damages. *Id.* The Department filed POs. POs, O.R., Item No. 26.

On October 16, 2024, the trial court sustained the Department's POs pursuant to Pennsylvania Rule of Civil Procedure (Rule) 1028(a)(2) for failure of a pleading to conform to law or rule of court, specifically finding noncompliance with Rule 1019(a) (contents of pleadings), Rule 1022 (paragraphing), and Rule 1018.1 (notice to defend). Order, 10/16/24, O.R., Item No. 31. Particularly, the trial court found nonconformity with Rule 1019(a) because paragraphs 11, 15, 16, 17, 18, 20, 21, 22, 24, 25, 26, 27, 28, and 29 "contain[ed] excessive narrations concerning incoherently described material allegations;" and nonconformity with Rule 1022 because those same paragraphs "contain[ed] a litany of material allegations," rather than one material allegation per paragraph. *Id.* The trial court also found noncompliance with Rule 1018.1(a) because the amended complaint did not contain a notice to defend, and Gibson did not file a notice to defend until August 5, 2024, nearly one and one-half years later. *Id.*

Additionally, the trial court sustained the POs pursuant to Rule 1028(a)(4), legal insufficiency of a pleading in the nature of demurrer, finding insufficient

pleading[3] and inapplicability of the claims.[4] *Id.* In turn, the trial court dismissed Gibson's amended complaint with prejudice. *Id.* Gibson appealed.

On March 20, 2025, citing Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a), which requires appeals to be filed within 30 days after the entry of the order from which the appeal is taken, this Court entered an Order stating "upon review of the original record, which reflects that this appeal may be untimely, the parties shall address whether the appeal is untimely in their principal briefs on the merits or in an appropriate motion." Order, 3/20/25. We noted the appeal, on its face, appears untimely based on its December 9, 2024 timestamp. Notice of Appeal, O.R., Item No. 32.

On May 9, 2025, the Department filed a motion to quash the appeal as untimely. In its motion to quash, the Department argues Gibson's notice of appeal

---

[3] The trial court provided the following example:

> For instance, Plaintiff alleges Defendants Mayernick and Derr placed him in fear to support his assault and battery claims. (Plaintiff's Complaint, ¶¶ 14-15). However, he has not pled facts as to the immediacy of feared harm to support an assault claim nor has he shown an actual harm to support a battery claim. *See Cucinotti v. Ortmann*, 159 A.2d 216 (Pa. 1960); [s]ee [*also*] C[oo]*per ex rel*[.] *Cooper v. Lankenau Hosp*[.], 51 A.3d 183 (Pa. 2012).

Order, 10/16/24, O.R., Item No. 31.

[4] The trial court provided these examples:

> Plaintiff has pled false imprisonment (Plaintiff's Complaint, ¶ 57); however, his imprisonment at SCI Mahanoy negates this claim. *See Manley v. Fitzgerald*, 997 A.2d 1235 (Pa. Cmwlth. [] 2018). Plaintiff has also pled a retaliation claim (Plaintiff's Complaint, ¶ 50); however, he has not stated any First Amendment protected activity. *See Uniontown Newspapers, Inc. v. Roberts*, 839 A.2d 185 (Pa. 2003).

Order, 10/16/24, O.R., Item No. 31.

4

from the trial court's October 16, 2024 order, filed on December 9, 2024, is untimely because it "was filed outside the thirty . . . day time frame allowed under Pa.R.A.P. 903(a)."[5] Dept. Mot., 5/9/25, ¶ 7. The Department further asserts, "Gibson, as the appellant, bears the burden of proving the timeliness of his appeal[,]" and he "has presented no evidence as to why his appeal is timely." *Id.* ¶¶ 8, 9. Additionally, the Department contends "Gibson has not established nor alleged fraud or a breakdown in the court's operation resulting in his notice of appeal filed beyond the time frame allowed by Pa.R.A.P. 903(a)." *Id.* ¶ 10. Consequently, the Department requests the Court quash Gibson's appeal as untimely.

On May 29, 2025, Gibson filed an answer to the Department's motion. In his answer to the Department's motion, Gibson states he was transferred from SCI Forest to SCI Fayette on October 10, 2024.[6] Answer, 5/29/25, ¶ 2. Gibson avers "[o]n or around October 31, 2024[,] . . . he then mailed notice of [his] address change to the court[,] . . . the Schuylkill County Office of the Prothonotary [(Prothonotary),] and also to all parties . . . ."[7] *Id.* ¶ 4. Gibson contends "in or around the later part of November 2024[,]" he received the October 16, 2024 order when "he signed the SCI[] Fayette legal mail rec[e]ption log . . . as required . . . [.]"[8] *Id.* ¶ 5. Gibson

---

[5] The Department notes that despite being dated November 27, 2024, this date also "falls after the expiration of the 30-day appeal period[,]" and "Gibson did not file a request to appeal *nunc pro tunc*." Department's Br. at 15.

[6] The Department agrees that Gibson was transferred to SCI Fayette on this date. Department's Br. at 15.

[7] This alleged notice is neither docketed nor of record.

[8] The Department concedes, although not of record, "Gibson's [inmate] privileged/legal mail records reflect that legal mail sent from the [trial court] to SCI[] Forest was logged on October 21, 2024 and was then forwarded to SCI[] Fayette (due to inmate transfer) and delivered to Gibson by **(Footnote continued on next page…)**

disputes whether he was provided proper notice in accordance with Pennsylvania Rule of Civil Procedure 236.[9]  *Id.* ¶¶ 7-10.  Overall, Gibson contends he "mailed [the] notice of appeal immediately and well within 30 days" following his receipt of the trial court's October 16, 2024 order.  *Id.* at 6.

On June 6, 2025, this Court issued an Order, explaining it would rule on the Department's motion along with the merits of Gibson's appeal.

Thereafter, on June 4, 2026, despite having previously filed an answer, Gibson filed a motion for extension of time to respond to the Department's pending motion to quash.  Gibson explained he "recently was admitted to a medical observation cell due to his health" and "was sen[t] to an outside hospital for treatment[,]" and the extension is necessitated "due to [his] mental and physical health."  Gibson's Mot., 6/4/26, ¶¶ 2-4.

---

[Department] staff on November 1, 2024."  Department's Br. at 16.  However, because "[m]ailroom staff do not read privileged/legal correspondence," the Department argues "there is not an exact notation of what . . . [trial court] correspondence was . . . delivered to Gibson on November 1, 2024."  *Id.*  Because this Court is limited to consideration of the record, the Department reiterates that Gibson's notice of appeal should be quashed as untimely.  *Id.* at 16-17.

[9] Rule 236 provides, in pertinent part, "[t]he prothonotary shall immediately give written notice of the entry of . . . any other order . . . to each party's attorney of record or, if unrepresented, to each party.  The notice shall include a copy of the order . . . ."  Pa.R.Civ.P. 236(a)(2).  Additionally, Rule 236 provides "[t]he prothonotary shall note in the docket the giving of the notice . . . ."  Pa.R.Civ.P. 236(b).  Upon careful review, the Prothonotary's docket does not name notice recipients relative to the October 16, 2024 order, or reference Rule 236 or the date of mailing of the required notice.  Further, the docket contains an unspecified "returned mail" entry on October 29, 2024 that is not included in the record.  The docket does not contain any evidence the Prothonotary ever re-sent a Rule 236 notice following the "returned mail" entry.

6

**DISCUSSION**

On appeal, Gibson contends the trial court erred in sustaining the Department's POs pursuant to Rule 1028(a)(2) and (4). Additionally, Gibson asserts the trial court erred and abused its discretion by not liberally construing his amended complaint as a filing by "a [*pro se*] prisoner litigant under legal disabilities and good faith efforts of prosecuting this matter . . . ." Gibson's Br. at 2 (italicization added).

Before considering the merits of Gibson's appeal, however, we must address whether Gibson filed his appeal in a timely manner as "timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings." *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005) (citation omitted). A notice of appeal must be filed within 30 days after the entry of the order the petitioner seeks to appeal. Pa.R.A.P. 903(a); *Riverlife Task Force v. Planning Comm'n of City of Pittsburgh*, 966 A.2d 551, 557 (Pa. 2009). The 30-day appeal period commences when the "order is 'entered' by the trial court . . . . [and] a trial court's order is not 'entered' until that order has been entered by the Prothonotary on the docket *and* notice of the order's entry has been given to the parties by the Prothonotary[.]" *Gomory v. Dep't of Transp., Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998) (citation omitted and emphasis in original). A petitioner's failure to file a timely appeal strips this Court of subject matter jurisdiction to consider the appeal. *Day v. Civ. Serv. Comm'n of Borough of Carlisle*, 931 A.2d 646, 651-52 (Pa. 2007). Moreover, we lack authority to extend the deadline for filing the notice of appeal. Pa.R.A.P. 105(b).

Although an appeal deadline is mandatory, in extraordinary circumstances, we may permit an appeal *nunc pro tunc*. *Roman-Hutchinson v. Unemployment*

7

*Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 (Pa. Cmwlth. 2009). However, we will only permit an appeal *nunc pro tunc* if the petitioner demonstrates to the Court that fraud or a breakdown in the judicial process caused the delay in filing or, alternatively, non-negligent circumstances related to the petitioner or his or her counsel, or a third party caused the delay. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). We reiterate, that it is the petitioner's burden to demonstrate an excuse for an untimely appeal. *See Roman-Hutchinson*, 972 A.2d at 1288 n.1 (stating, "the claimant bears a heavy burden to justify an untimely appeal").

First, the trial court entered its order sustaining the Department's POs and dismissing Gibson's amended complaint on October 16, 2024. The trial court did not address the timeliness of Gibson's appeal. Concise Statement, O.R., Item No. 36. The parties agree that Gibson was transferred from SCI Forest to SCI Fayette on October 10, 2024. Thus, it is likely the unspecified October 29, 2024 "returned mail" entry appearing on the docket was indeed the October 16, 2024 order. This is corroborated by Gibson's allegation in his answer that he did not mail a change of address form to the Prothonotary until October 31, 2024. However, because neither the "returned mail" nor the change of address form appear of record, this Court is unable to determine whether the October 29 docket entry relates to the October 16 order. A more developed record is required. Accordingly, we remand this matter to the trial court to conduct an evidentiary hearing relative to when Gibson received notice of the October 16, 2024 order.[10] We remind Gibson that he bears the heavy

---

[10] As argued by Gibson, the Prothonotary's Rule 236 notice also necessitates remand. *See Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755 (Pa. Super. 2021) (the docket, and not just the record and inferences drawn therefrom, must strictly comply with Rule 236 for ease of determination of timeliness by an appellate court); *DeSantis v. Lenox Place Condo Assoc., Inc.*,
**(Footnote continued on next page…)**

8

burden of proving that either "non-negligent circumstances" or fraud or a breakdown in the judicial process caused the delay in filing, sufficient to warrant entitlement to *nunc pro tunc* relief. *See Cook,* 671 A.2d at 1131.

Second, both parties suggest the Department's mail logs support their respective positions relative to the disputed delivery date of the trial court's October 16, 2024 order. While Gibson asserts his signature on the SCI Fayette legal mail reception log would prove receipt in late November, 2024, the Department contends prison mail logs show a mail delivery to Gibson on November 1, 2024, which arguably constitutes circumstantial evidence of delivery of the trial court's order. However, because the record does not include the logs, we cannot resolve this factual dispute at this time. It is well settled that facts outside of the record cannot be considered. *HYK Constr. Co., Inc. v. Smithfield Twp.*, 8 A.3d 1009, 1016 (Pa. Cmwlth. 2010). "It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record . . . on appeal." *Zinman v. Dep't of Ins.*, 400 A.2d 689, 691 (Pa. Cmwlth. 1979) (citation omitted). Because the prison logs are not contained in the record, we will not consider them on appeal. The parties may supplement the record and advance their theories on remand before the trial court.

---

316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024) (although Pennsylvania Superior Court decisions are not binding on this Court, they may provide persuasive authority where they address analogous legal issues).

Finally, because Gibson is a prisoner representing himself, the prisoner mailbox rule applies. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). We have explained that under this rule

> a legal document is deemed "filed" on the date it is delivered to the proper prison authority or deposited in the prison mailbox. . . . A cash slip constitutes sufficient evidence to show compliance with the prisoner mailbox rule. [*Jones*, 700 A.2d at 426.] An affidavit as to the date of mailing may also be considered. *Id.* In order to benefit from the rule, [the inmate] bears the burden of proving that he timely deposited his . . . appeal in the prison mailbox.

*Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014) (some internal citations omitted).

Here, the Prothonotary docketed Gibson's notice of appeal on December 9, 2024. The Department acknowledges Gibson's notice of appeal is dated November 27, 2024. Department's Br. at 15. Gibson bears the burden of proving that he timely deposited his appeal in the prison mailbox. *See Kittrell*, 88 A.3d at 1097. Thus, application of the prisoner mailbox rule is another issue that must be explored on remand before the trial court in assessing the "filed" date, and timeliness of Gibson's appeal.

## CONCLUSION

Based on the foregoing, the record is insufficient to determine if Gibson's

10

appeal is timely. Accordingly, we remand the matter for the trial court to conduct an evidentiary hearing.[11]

_____
STACY WALLACE, Judge

---

[11] After hearing, if the trial court determines Gibson timely filed his notice of appeal and/or has proven entitlement to *nunc pro tunc* relief, we invite the trial court to consider granting Gibson an opportunity to file a second amended complaint. *See* Pa.R.A.P. 1701(b)(5) ("After an appeal is taken . . . the trial court . . . may . . . [t]ake any action directed or authorized by an appellate court."). Having previewed the merits, we note this Court has the authority to conclude a trial court abuses its discretion by sustaining a demurrer and dismissing a complaint with prejudice, so long as there is some possibility of amendment – **even if we agree that the objections in the nature of a demurrer were properly sustained**. *See Otto v. Am. Mut. Ins. Co.*, 393 A.2d 450, 451 (Pa. 1978) ("[t]he right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully"); and *Longo v. Rago*, 430 A.2d 1006, 1007 (Pa. Super. 1981). Here, the trial court provided **three examples** of insufficiency, and sustained the POs, sounding in the nature of a demurrer, premised upon the legal insufficiency of **all claims**. However, the trial court did not specifically address why the **remaining claims** were insufficiently pled to render amendment futile. Again, nothing in this Opinion shall be intended to prevent the trial court from granting Gibson the opportunity to file a second amended complaint if legally warranted. If the trial court grants Gibson the right to file a second amended complaint, Gibson should file a praecipe to discontinue the present appeal before this Court. Should the trial court grant Gibson the right to file a second amended complaint and should Gibson fail to file a praecipe to discontinue, then the Department may file an application to dismiss the appeal as moot pursuant to Pa.R.A.P. 123.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Gibson,  :
               Appellant  :
                 :
            v.  : No. 1693 C.D. 2024
                 :
Bernadette Mason, Wagner, Robert  :
Derr, Mayernick, Swartz, Charles  :
Stetter, and Benjamin Liebersohn  :

# **O R D E R**

    **AND NOW**, this 4th day of August 2026, this matter is **REMANDED** to the Schuylkill County Court of Common Pleas (trial court) to hold an evidentiary hearing **within 60 days** to determine the timeliness of Derrick Gibson's (Gibson) appeal, in accordance with the foregoing Opinion.  Gibson's motion for extension of time to respond to the Department of Corrections' motion to quash is **DENIED** and **DISMISSED WITHOUT PREJUDICE** for Gibson to assert the timeliness of his appeal before the trial court on remand.

    Jurisdiction retained.

_____
STACY WALLACE, Judge
